# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER ADAM GUILLORY** | * | **CIVIL ACTION NO.  11-2216** |
| **VERSUS** | * | **JUDGE DONALD E. WALTER** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits.  The district court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).  For the reasons assigned below, it is recommended that the decision of the Commissioner be **AFFIRMED**, and this matter **DISMISSED** with prejudice.

### Background & Procedural History

On November 25, 2009, Christopher A. Guillory protectively filed the instant application for Title XVI Supplemental Security Income payments.  (Tr.134-136, 139).  He alleged disability as of May 1, 2006, because of "adhd and bipolar."  (Tr. 153).  The state agency denied the claim at the initial stage of the administrative process.  (Tr. 53-58).  Thereafter, Guillory requested and received a June 15, 2010, hearing before an Administrative Law Judge ("ALJ").  (Tr. 21-52).  However, in an October 29, 2010, written decision, the ALJ determined that Guillory was not disabled under the Act, finding at step two of the sequential evaluation process that his medically determinable impairment(s) was not severe.  (Tr. 5-16).  Guillory appealed the adverse decision to the Appeals Council.  However, on October 17, 2011, the Appeals Council denied Guillory's

request for review; thus the ALJ's decision became the final decision of the Commissioner.  (Tr. 1-3).

On December 21, 2011, Guillory filed the instant, pro se complaint for judicial review of the Commissioner's final decision.  Following delays for submission of the administrative transcript and supporting memoranda, the matter is now before the court.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).  Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. at 401.  Substantial evidence lies somewhere between a scintilla and a preponderance.  *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).  A finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination.  *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).  The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical

or mental disability.  *See* 42 U.S.C. § 423(a)(1)(D).  The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work.  *See* 42 U.S.C. § 423(d)(2)(A).  Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows,

(1)     An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2)     An individual who does not have a "severe impairment" of the requisite duration will not be found disabled.

(3)      An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4)     If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5)     If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See Boyd v. Apfel*,  239 F.3d 698, 704 -705 (5th Cir. 2001);  20 C.F.R. § 404.1520.

3

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).  When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).  If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

<u>Analysis</u>

I.   <u>The ALJ's Decision</u>

The ALJ determined at step one of the sequential evaluation process that Guillory had not engaged in substantial gainful activity since the alleged disability onset date.  (Tr. 10).  He further found that Guillory had a medically determinable impairment of marijuana dependence. *Id*. However, the ALJ concluded his analysis at step two of the sequential evaluation process by finding that Guillory did not suffer from a severe impairment that either significantly limited or was expected to significantly limit, his ability to perform basic work-related activities for a consecutive 12 month period. *Id*.

II.   <u>Discussion</u>

Pursuant to the court's scheduling order, plaintiff was required to submit a brief that *inter alia*, set forth "**specific errors** committed at the administrative level which entitle plaintiff to relief."  (April 26, 2012, Sched. Order [doc. # 7]) (emphasis in original).  The order cautioned that "[t]he court will consider only those errors **specifically identified** in the briefs.  A general allegation that the ALJ's findings are unsupported by substantial evidence, standing alone, is insufficient to invoke the appellate function of the federal court." *Id*.  (emphasis in original).

4

The sole arguably specific contention proffered by Guillory in his single page brief is that the Commissioner failed to request, review, or consider all of his medical history and treatment records.  In support of this argument, plaintiff submitted copies of medical records that post-date the relevant period at issue, which extends from November 25, 2009, – the date that he applied for benefits – through October 29, 2010, – the date of the ALJ's unfavorable decision.  Plaintiff, however, does not raise any specific challenges to the sufficiency of the Commissioner's determination on the basis of the record before the Commissioner.

The court emphasizes that the instant review of the Commissioner's decision is not *de novo*; the Commissioner's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge*,  424 U.S. 319, 339, 96 S.Ct. 893, 905 n21 (1976).  Moreover, the court's review of the Commissioner's final decision is "limited to considering whether the decision is supported by substantial evidence *in the record . . .*"  *Higginbotham v. Barnhart*, 405 F.3d 332, 335 (5th Cir. 2005) (emphasis added).

Plaintiff appears to argue that the Commissioner erred by failing to obtain all of his medical records.  It is well-established that, "[t]he ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that his decision is an informed decision based on sufficient facts." *Brock v. Chater*, 84 F.3d 726 (5th Cir. 1996).  Furthermore, when, as here, a claimant is unrepresented at the hearing, the ALJ's obligation to fully and fairly develop the record gives rise to a special duty to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts."  *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984) (citations omitted).

The ALJ's failure to develop an adequate record, however, does not automatically compel reversal.  *Id.*  Rather, "[a]s in the case of a hearing held without waiver of the right to counsel, the claimant must, in addition, show that []he was prejudiced as a result of [sic] scanty hearing.

[H]e must show that, had the ALJ done his duty, []he could and would have adduced evidence that might have altered the result." *Kane supra* (internal quotation marks and citations omitted).

Here, the treatment records submitted by plaintiff span a period from December 2, 2010, through May 9, 2011.  (Pl. Exhs. [doc. # 14]).  Plaintiff also submitted a document entitled "Diminution of Sentence" that resulted in his early release from prison on September 14, 2012. *Id*.  However, because all of these records were not generated until *after* the ALJ rendered his decision, the ALJ could not possibly have obtained or considered them.  Thus, the ALJ did not breach his duty to fully and fairly develop the record by failing to obtain records that did not yet exist.

In his request for review to the Appeals Council, plaintiff stated that "[a]ll medical history and treatment was not reviewed or considered.  This information is extremely instrumental in the determination of this case."  (Pl. Brief, Exhs. [doc. # 12-1]).[1]  However, there is no indication that plaintiff transmitted his treatment records to the Appeals Council.  Instead, he transmitted the treatment records to this court in the first instance.  Thus, at best, this court could remand the matter to the Commissioner for consideration of plaintiff's recently adduced evidence.  Before new evidence will warrant remand, however, plaintiff must demonstrate that it is new, material, and that he had good cause for his failure to incorporate such evidence into the record of the prior proceeding.  *Pierre v. Sullivan,* 884 F.2d 799, 803 (5th Cir. 1989) (citing, 42 U.S.C. § 405(g)).  In other words, the evidence must be "new," and not merely cumulative of what is already in the record.  *Id.* (citation omitted).  The evidence also must be "material," *i.e.*, relevant, probative, and likely to have changed the outcome of the Commissioner's determination.  *Id.*  Finally, the

---

[1]  This request for review differs from the one that appears in the administrative record. *See* Tr. 133.

claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.  *Id.*

The earliest treatment record from the "new" evidence submitted by plaintiff is a December 2, 2010, psychological assessment conducted by Heather Graham Delotte (sp), M.A., LPC.  (Pl. Exhs. [doc. # 14, pgs. 6-9]).  According to the report,  Delotte found, *inter alia*, that Guillory suffered from substance use disorder, and that he had experienced a *recent* stressful life event.  *Id*.  The court finds that this report does not compel remand because it is neither new, nor material.  It merely supports the ALJ's determination that Guillory's sole medically determinable impairment was marijuana dependence.

Plaintiff's newly submitted evidence also includes a January 5, 2011, psychiatric evaluation administered by a Dr. Henschke.  (Pl. Exhs. [doc. # 14, pgs. 10-14]).  Dr. Henschke diagnosed Guillory as suffering from ADHD, combined type; major depressive disorder, moderate, single; and panic disorder without agoraphobia.  *Id*.  Henschke assigned a Global Assessment of Functioning ("GAF") score of 55.[2]  *Id*.  Importantly, however, Henschke documented that Guillory had stated that his depression had become "much worse" just one week before the evaluation.  *Id*., at pg. 10.  In other words, by the time Henschke evaluated Guillory, his condition had significantly worsened in the interval since the ALJ's decision.  Thus, the psychiatric evaluation is indicative of no more than a "later-acquired disability or . . . the subsequent deterioration of the previously non-disabling condition," that does not provide a basis for remand.  *See  Haywood v. Sullivan*, 888 F.2d 1463, 1471-1472 (5th Cir. 1989) (quoting

---

[2]  A GAF of 51-60 is defined as "**[m]oderate symptoms** (e.g. flat affect and circumstantial speech, occasional panic attacks) **OR moderate difficulty in social, occupational, or school functioning** (e.g., few friends, no friends, unable to keep a job).  *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition, DSM-IV, pg. 32.

*Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir.1985) (internal quotation marks omitted)); *see also Hammond v. Barnhart*, 132 Fed. Appx. (5th Cir. May 17, 2005) (unpubl.) (medical evidence that post-dates a hearing may be considered, provided that it addresses the severity of the claimant's pre-hearing condition).[3]

The remainder of plaintiff's new evidence consists largely of behavioral health progress notes that do not address the effects of plaintiff's mental impairment, but do reflect ongoing issues with marijuana use.  *See* Pl. Exhs., [doc. # 14, pgs. 16, 22].  Therefore, they are cumulative of evidence that was before the ALJ, and do not provide grounds for remand.  *See* discussion, *infra*.

Finally, even if plaintiff had established that his recently submitted evidence was new and material, he has not demonstrated good cause for failing to submit this evidence to the Appeals Council.  *Pierre, supra* (good cause for remand is not met unless plaintiff provides proper explanation to excuse her failure to submit the evidence earlier).  "T]he mere fact that a medical report is of recent origin is not enough to meet the good cause requirement."  *Pierre*, 884 F.2d at 803 (citation omitted).

The court also independently reviewed the record for legal error and substantial evidence, but has uncovered no grounds for reversal and/or remand.  As stated previously, the ALJ resolved this matter by finding at step two of the sequential evaluation process that Guillory did not have a severe impairment that existed, or was likely to exist, for a consecutive 12 month period.  In assessing the severity of an impairment, the Fifth Circuit has determined that "an impairment can be considered as not severe only if it is a slight abnormality [having] such

---

[3]  The court notes that plaintiff's evidence may form the basis for a new, subsequent claim/application.  *See Johnson*, 767 F.2d at 183

minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000).

Furthermore, when evaluating the severity of mental impairments, the regulations require that a psychiatric review technique form be completed during the initial and reconsideration phases of the administrative review process. 20 C.F.R. § 1520a(e); 20 C.F.R. § 416.920a. The psychiatric review technique rates the degree of functional limitation in four broad areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. §§ 1520a(c), 920a(c). The ALJ must incorporate the pertinent findings and conclusions of the psychiatric review technique into his decision. *Id.*

In this case, the ALJ applied the psychiatric review technique, but determined that plaintiff's medically determinable impairment of marijuana dependence did not constitute a severe impairment. (Tr. 14-15). The ALJ's finding tracked the January 27, 2010, psychiatric review technique completed by non-examining agency psychologist, William L. Berzman, Ph.D. (Tr. 14-15, 215-229). Dr. Berzman's findings, in turn, were premised largely on the January 19, 2010, report issued by the consultative psychologist, D. L. Moore, Ph.D., who examined Guillory at the request of disability determination services. (Tr. 208-213).

Dr. Moore documented in his report that Guillory arrived on time, with excellent hygiene and grooming. *Id.* He further reported that Guillory was not taking any medication at that time. *Id.* Guillory's mother indicated that her son had problems with street drugs, and other things. *Id.* Moore noted that Guillory last saw a psychologist many years ago for a psychiatric evaluation. *Id.* Moore observed that Guillory's fund of information and judgment were excellent. *Id.* His reasoning and concentration/attention were good. *Id.* His memory was generally excellent. *Id.*

9

Moore did not observe any evidence of unusual ideation.  *Id*.  Guillory displayed no anxiety; his

mood was cheerful; and his affect was appropriate to task and mood-congruent.  *Id*.  His

cooperation, persistence, pace, and the ability to perform 3-stage directions were excellent.  *Id*.

He displayed a good sense of humor, and was very conversational.  *Id*.  His ability to manage

finances was poor, secondary to substance abuse.  *Id*.  Moore estimated that Guillory's cognitive

ability was in the average range.  *Id*.  His adaptive skills were in the average to low average range

primarily limited by poor social functioning.  *Id*.  His allegations of bipolar disorder were not

substantiated.  *Id*.  Moore surmised that if there was any mood disturbance at all, it likely

stemmed from marijuana abuse.  *Id*.  Moore noted that Guillory presented as intelligent and

engaging.  *Id*.  He opined that until Guillory maintained sobriety, his emotional immaturity

would preclude any hope of steady employment or self-actualization.  *Id*.  Moore diagnosed

marijuana dependence and nicotine dependence.  *Id*.[4]

The findings by Dr. Moore and Dr. Berzman provide substantial support for the ALJ's

determination that plaintiff did not suffer from a severe impairment.[5]

---

[4]  To the extent that plaintiff's sole medically determinable impairment of marijuana use could have been found to be a severe impairment, the ALJ aptly observed that he would not be entitled to benefits on the basis of a disability established pursuant to illicit substance abuse.  (Tr. 15).

Under the Act, an individual will not be considered disabled for purposes of disability insurance benefits if alcoholism or drug addiction was a contributing factor material to the Commissioner's determination that the individual is disabled.  42 U.S.C. § 423(d)(2)(C).  "Drug or alcohol abuse is material to a disability if the ALJ would not 'find [the claimant] disabled if [the claimant] stopped using drugs or alcohol.'"  *Brown v. Apfel*, 192 F.3d. 492, 499 (5th Cir. 1999) (quoting, 20 C.F.R. § 416.935(b)(1)).

[5]  In *Taylor v. Astrue*, the Fifth Circuit recently affirmed that there was substantial record evidence to support the Commissioner's finding that plaintiff's mental impairments were non-severe, where

[a] comprehensive medical exam revealed no evidence of [plaintiff's] alleged mental health issues or any reason why mental problems would prevent him from

## Conclusion

For the foregoing reasons, the undersigned finds that the Commissioner's decision that plaintiff was not disabled under the Social Security Act, is supported by substantial evidence and remains free of legal error.  Under these circumstances, the Commissioner's determination cannot be disturbed on appeal.  *Pate v. Heckler*, 777 F.2d 1023, 1027 (5th Cir. 1985). Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny disability benefits be **AFFIRMED**, and that this civil action be **DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen  (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

---

engaging in gainful activity. In addition, the medical records showed that [plaintiff] did not take any medications for his mental health complaints. He also failed to seek mental health care even after he was twice referred for mental health treatment at his request.
*Taylor v. Astrue*, 480 F. App'x 302, ___ F.3d ___ (5th Cir. June 28, 2012).

At the time of the ALJ's decision in the instant case, plaintiff had not seen by a mental health doctor since 1999-2000.  (Tr. 46).

11

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 31st day of January 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

12